*815 OPINION.
Aeundell :
We think it is clear that the petitioner is not entitled to take as a deduction the entire operating loss of the partnership for the year 1920 in determining Ms net taxable income for that period, even though the partnership may have been dissolved on or about November 20, 1920. It is apparent from the release signed by Rhodes that petitioner in consideration of assuming Rhodes’ share of the . partnership debts received therefor such interest as Rhodes had in the plantation, together with the live stock, farming implements and accounts receivable. There is some testimony in the record which would indicate that the equity of petitioner' and Rhodes in the land was of little or no value, but the record is silent as to the value of the farming equipment, and the accounts receivable. The record establishes that the live stock had at least some value. Inasmuch ás the evidence discloses that the petitioner received property of some value for assuming Rhodes’ share of the partnership indebtedness, though what that value was he did not establish, he can not deduct in his personal return for the year 1920 the entire operating loss of the partnership for that year.
Even if it be proper to use the inventory method in a case of this sort, the evidence in the record is not sufficient for us to determine *816 whether the basis used by petitioner was a correct one. The only testimony offered is that the price fixed in the inventory, which was not placed in evidence, was the same as the price at which mules were sold by a neighbor farmer on or about December 31, 1920. Neither the details of that sale nor the price received were testified to.

Judgment will be entered for the respondent after 15 days notice, under Rule 50.